IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEVIN REID ALTHOUSE (TDCJ No. 861608), | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:18-cv-2207-C-BN |
| LORIE DAVIS, Director Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Kevin Reid Althouse, a Texas prisoner, filed a *pro se* application for writ of habeas corpus under 28 U.S.C. § 2254, *see* Dkt. No. 3, attacking his January 19, 2018 conviction for possession of methamphetamine, a state jail felony, which resulted in a sentence of six months of incarceration, *see id.* at 2; *see also State v. Althouse*, No. F17-25277-H (Crim. Dist. Ct. No. 1, Dallas Cty., Tex.) – a sentence that was discharged prior to Althouse's filing his state habeas petition concerning it, *see Ex parte Althouse*, W17-25277-H(A) (Crim. Dist. Ct. No. 1, Dallas Cty., Tex.); WR-45,883-21 (Tex. Crim. App.). This resulting action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge Sam R. Cummings.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the habeas application without

prejudice under Rule 4 of the Rules Governing Section 2254 Cases.

## Applicable Background, Legal Standards, and Analysis

Althouse was arrested on an active felony-parole warrant, and, while he was searched incident to arrest, he told officers that he possessed methamphetamine in his wallet. This habeas action solely concerns the drug conviction that resulted from that admission. *See generally* Dkt. No. 3.

But, as the state court habeas record makes clear, Althouse initiated his collateral attack of this conviction after the sentence was discharged. *Compare Ex parte Althouse*, W17-25277-H(A), petition at 17 (reflecting a signature date of April 14, 2018), *with* State's response at 3 (explaining that, because Althouse received 129 days of credit at the time he was sentenced to six months of confinement, he only had 51 days remaining on his sentence, which was discharged on March 11, 2018). And the Texas Court of Criminal Appeals ultimately dismissed Althouse's habeas application, noting "the sentence has been discharged." *Ex parte Althouse*, WR-45,883-21 (Tex. Crim. App. June 20, 2018) (citing *Ex parte Harrington*, 310 S.W.3d 452 (Tex. Crim. App. 2010)).

A federal court lacks subject matter jurisdiction to entertain a Section 2254 action if, at the time the habeas petition is filed, the prisoner is not "in custody" under the conviction and sentence he seeks to attack. *See* 28 U.S.C. § 2254(a); *Hendrix v. Lynaugh*, 888 F.2d 336, 337 (5th Cir. 1989). A prisoner need not be physically confined to be "in custody" for the purposes of Section 2254. But, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a

habeas attack upon it." *Maleng v. Cook*, 490 U.S. 488, 492 (1989); *see also Hendrix*, 888 F.2d at 337-38 (adverse consequences of expired sentence, including possibility that conviction may be used to impeach future testimony and enhance future punishment, held insufficient to satisfy the "in custody" requirement of Section 2254).

Although federal courts may exercise jurisdiction over habeas petitions that attack expired convictions used to enhance a sentence, the United States Supreme Court has explained that these petitions generally do not state a cognizable legal claim. *See Lackawanna Cty. Dist. Attorney v. Coss*, 532 U.S. 394, 402 (2001). That is, when a prior conviction has affected a current sentence, a petitioner satisfies the "in custody" requirement but may not challenge the prior sentence if it can no longer be attacked on its own, either because the prisoner failed to challenge it while remedies were available or did so and lost. *See id.* at 403-04; *Daniels v. United States*, 532 U.S. 374 (2001) (applying the same rule to Section 2255 motions); *United States v. Clark*, 284 F.3d 563, 567 (5th Cir. 2002) (a prisoner who had "never attempted any attack, by direct appeal or otherwise," could not challenge the constitutionality of his prior convictions even though they had been used to directly enhance his current sentence (applying *Daniels*)); *Cotton v. Thaler*, No. SA-10-cv-87-XR, 2010 WL 3239316, at *5 (W.D. Tex. Aug. 16, 2010) ("Because the issue in *Clark* ... was whether a state conviction had been attacked, the Court sees no reason why the case does not apply to a federal habeas petition under § 2254. In fact, the Fifth Circuit referenced *Coss* in explaining the *Daniels* rule."); *see also Tarvin v. Dretke*, No. Civ. A. H-06-0854, 2006 WL 846366, at *2 (S.D. Tex. Mar. 31, 2006) (although the court had jurisdiction to

consider petitioner's 1987 indecency-with-a-child conviction, assuming it was used for enhancement purposes, as that sentence discharged long before the current habeas application was filed, it was "'conclusively valid'" since the pleadings before the court reflected that this conviction was "'no longer open to direct or collateral attack in [its] own right' when [petitioner] filed [the] federal petition" (quoting *Coss*, 532 U.S. at 403-04)).

Here, Althouse appears to be in custody pursuant to a parole revocation not attacked through the current habeas application. And, as explained above, the sentence he does attack – which has, in this context, not been used for enhancement purposes – was discharged before he began his collateral attack of it in state court. He is therefore not "in custody" under the sentence he attacks. And the Court is without jurisdiction to consider his Section 2254 petition. The Court should therefore dismiss the petition under Rule 4 of the Rules Governing Section 2254 Cases, because "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." RULE 4, RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS.

### Recommendation and Direction to the Clerk of Court

Under Rule 4 of the Rules Governing Section 2254 Cases, the Court should dismiss the application for a writ of habeas corpus without prejudice for lack of jurisdiction and also direct that the Clerk of Court serve any order accepting this recommendation on the Texas Attorney General.

The Clerk of Court is DIRECTED to serve electronically a copy of this

recommendation and the petition, along with any attachments thereto and brief in support thereof, on the Texas Attorney General as counsel for Respondent and will be directed to the attention of Edward L. Marshall, Chief, Criminal Appeals Division, Texas Attorney General's Office. *See* RULE 4, RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 23, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE